IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORDELL E. MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>FATHER FLANAGAN'S BOYS' HOME,<br><br>Defendant. | 8:22CV371<br><br><br><br>ORDER |

This matter comes before the court on Defendant's Objection to Plaintiff's 30(b)(6) Deposition Notice and Motion for Protective Order and Designation of Representatives. (Filing No. 73). The court held a telephonic discovery dispute conference concerning the objection on September 10, 2025, and made the following findings and orders on the record, summarized as follows:

Plaintiff filed an amended notice to the 30(b)(6) deposition on August 8, 2025 (Filing No. 72), pursuant to the court's previous order regarding case progression. (Filing No. 70). Plaintiff's amended notice lists 24 topics about which it requests deposition testimony from Defendant, and five (5) demands for production of documents. (Filing No. 72). The five demands for production relate to open job positions that Defendant posted and the process by which personnel were considered for those positions.

Defendant objected to the amended notice and moved for a protective order stating that Defendant is not required to respond to the five demands of Plaintiff's 30(b)(6) deposition notice which require the production of additional documents that were not previously provided in discovery. Defendant further requested leave to designate fact

1

witness deposition testimony designations regarding some topics in the notice, rather than producing a witness to testify. Finally, Defendant asserted general objections to some of the topics as "vague, ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses asserted" as required under Fed.R.Civ.P. 26(b). The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of that discretion would be cause for reversal." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Under Fed.R.Civ.P. 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. *Id.*

As for the demand to produce additional documents that were not produced in discovery, the court finds that a protective order is appropriate and good cause shown. Fed.R.Civ.P. 30(b)(6) permits a party to depose an entity, and the organization must then "designate one or more officers, directors, or managing agents" to "testify on its behalf." The party taking the deposition "must describe with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). "The person[] designated must testify about information known or reasonably available to the organization." *Id.* The rule applies to testimony and not the production of documents. While there are certainly other mechanisms to facilitate the production of documents as part of a deposition, those do not apply here. In particular, Fed. R. Civ. P. 30(b)(2) provides as follows:

> (2) Producing Documents. If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

*Id.* Fed.R.Civ.P. 34 contemplates formal service of request for production of documents, which must be filed less than thirty days before the close of discovery to be timely. *See* Fed.R.Civ.P. 34(b)(2)(A).

In this matter, written discovery closed on April 1, 2025. Plaintiff did not file a subpoena duces tecum for the sought after documents, nor did Plaintiff make a timely request for production of documents under Rule 34 as required by the rule. While the court

has not ignored Plaintiff's representation that many efforts were made to timely complete a 30(b)(6) deposition and to obtain documents, there were no efforts made to contact the court earlier in the case to raise those particular issues or to file a motion to compel within the deadlines provided. This matter has been pending for many years and case progression amended multiple times. The court is not inclined to reopen written discovery to allow for production of additional documents well after the expiration of those deadlines. A protective order shall accordingly issue and the demand for production of documents at this late date will be denied.

Defendant also requested a protective order regarding deposition designations and made a general objection to Plaintiff's topics in the notice. That motion is denied without prejudice at this time. Rule 30(b)(6) expressly requires that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." While some efforts to confer have been made, the court finds additional efforts are necessary, especially in light of the short deadlines remaining in this matter. The parties agreed to meet and confer by close of business on September 12, 2025, to discuss a reasonable progression plan concerning the following:

1. A reasonable deadline for the parties to confer in good faith and to limit further the list of topics included in the amended notice;
2. A reasonable deadline for defendant to designate and plaintiff to consider prior deposition testimony that may be responsive to topics remaining, along with a stipulation by defendant that the corporate entity may be bound by that testimony; and,
3. Alternative dates for the 30(b)(6) deposition(s) and the identify of likely deponents.

Consistent with these rulings, the court will extend the current deposition deadline of September 15, 2025, to accomplish the 30(b)(6) deposition, but the dispositive motion deadline and trial date will remain unchanged.

Accordingly,

IT IS ORDERED:

1. Defendant's objection (Filing No. 73) is granted in part and overruled in part.
2. Defendant shall not be required to produce the documents demanded in Plaintiff's Amended Notice of 30(b)(6) Deposition. (Filing No. 72).
3. The remainder of Defendant's objections are overruled, without prejudice.
4. The parties are to meet and confer regarding the remaining issues as noted herein and submit a joint stipulation regarding 30(b)(6) progression to the court by 5:00 p.m. on September 12, 2025.
5. The deposition deadline for 30(b)(6) designated witnesses shall be extended to allow for the parties to complete the deposition. The dispositive motion deadline and trial and pretrial settings set out in Filing No. 71 remain unchanged.

Dated this 12th day of September, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge